IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 1:20cr82 HSO-JCG |
| v. | 18 U.S.C. § 371 |
| | 16 U.S.C. §§ 3372(a)(2)(A) & 3373(d)(1) |
| KHIEM DINH VU | |

**The United States Attorney charges:**

COUNT 1

1. At all times relevant to this felony information, the defendant, **KHIEM DINH VU**, operated an unlicensed wholesale seafood business known as "Gulf Coast Seafood," in Jackson County, Mississippi, and sold seafood in violation of Mississippi law that he caused to be transported in interstate commerce for sale in Georgia.

2. Defendant **VU** arranged for others to transport the seafood in interstate commerce, including by means of a Dodge Ram pickup truck that defendant **VU** rented from Enterprise Leasing Company in Biloxi, Mississippi.

3. With the help of others, defendant **VU** loaded and transported the seafood for sale to markets in the Atlanta, Georgia metropolitan area.

4. Federal law makes it unlawful for anyone to export, transport or sell in interstate commerce any fish or wildlife possessed, transported, or sold in violation of any law or regulation of any state, as provided by Title 18, United States Code, Section 3372(a)(2)(A).

5. Mississippi law provides that each person handling seafood secured from commercial fishermen, or from other wholesale dealers, for the purpose of resale, and every resident

erson shipping seafood out of the State of Mississippi on consignment or order, except fishermen shipping their own catch, shall be considered a wholesale dealer, as provided by Mississippi Code § 49-15-28(1).

6. Mississippi law further provides that any person operating as a wholesale dealer of seafood shall obtain an annual license, as required by Mississippi Code § 49-15-28(3)(a).

7. From in or about August 2016 through in or about September 2016, in Jackson County, Mississippi, in the Southern District of Mississippi, and elsewhere, defendant **VU** and others known and unknown did commit an offense against the United States, to wit, to knowingly engage in conduct that involved the sale and purchase of, and intent to sell and purchase, fish with a market value in excess of $350, and to knowingly sell and purchase such fish in interstate commerce without a seafood dealer's license, in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(l).

8. It was part of the conspiracy that defendant **VU** would buy seafood without complying with Mississippi law and would sell this illegally purchased seafood to buyers in Georgia.

9. It was also part of the conspiracy that defendant **VU** would arrange with the help of others to transport this illegally purchased seafood to buyers in Georgia.

## OVERT ACTS

10. In furtherance of the conspiracy and to carry out its unlawful objectives, the following overt acts, among others, were committed:

    a. On or about September 29, 2016, defendant **VU** rented a Dodge Ram pickup truck from Enterprise Leasing Company in Biloxi, Mississippi.

b. On or about September 29, 2016, defendant **VU** arranged to purchase 288 whole flounders on behalf of Gulf Coast Seafood from a seafood dealer in Pass Christian, Mississippi.

c. On or about September 30, 2016, defendant **VU** arranged to purchase 599 head-on shrimp on behalf of Gulf Coast Seafood from a seafood dealer in Pass Christian, Mississippi.

d. On or about September 30, 2016, defendant **VU** arranged to purchase seafood at the Biloxi small craft harbor, which he and others loaded onto the Dodge Ram pickup that defendant **VU** had rented.

e. On or about September 30, 2016, defendant **VU** traveled to the location of an Alabama regulatory inspection after the Dodge Ram pickup truck had been stopped by Alabama law enforcement authorities.

f. On various occasions defendant **VU** arranged to purchase seafood for resale in interstate commerce without having a Mississippi seafood dealer's license.

g. On various occasions defendant **VU** arranged to transport seafood for resale in interstate commerce without having a Mississippi seafood dealer's license.

All in violation of Section 371, Title 18, United States Code.

## COUNTS 2-10

11. The allegations in paragraphs 1 through 10 of Count 1 are repeated and incorporated by reference as though fully set forth in the following counts.

12. On or about the dates set forth below, in Jackson County in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **KHIEM DINH VU**, did

3

knowingly engage in conduct that involved the sale of seafood with a market value in excess of $350 in interstate commerce, as follows:

| Count | Date | Seafood |
|---|---|---|
| 2 | 8/29/16 | 495 pounds of shrimp sold in interstate commerce to Hong Kong Supermarket, Norcross, Georgia for $2,744.50 |
| 3 | 8/31/16 | 152 pounds of red grouper sold in interstate commerce to Hong Kong Supermarket, Norcross, Georgia for $950.00 |
| 4 | 8/31/16 | 350 pounds of red snapper sold in interstate commerce to City Farmer Market #2, Atlanta, Georgia for $2,102.50 |
| 5 | 9/7/16 | 546 pounds of crabs sold in interstate commerce to Hong Kong Supermarket, Norcross, Georgia for $1,228.50 |
| 6 | 9/13/16 | 491 pounds of king mackerel sold in interstate commerce to Hong Kong Supermarket, Norcross, Georgia for $2,209.50 |
| 7 | 9/15/16 | 82 pounds of flounder sold in interstate commerce to Hong Kong Supermarket, Norcross, Georgia for $409.18 |
| 8 | 9/17/16 | 280 pounds of shrimp sold in interstate commerce to City Farmer Market #1, Chamblee, Georgia for $1,397.20 |
| 9 | 9/17/16 | 480 pounds of shrimp sold in interstate commerce to Hong Kong Supermarket, Norcross, Georgia for $2,395.20 |
| 10 | 9/17/16 | 430 pounds of shrimp sold in interstate commerce to City Farmer Market #1, Chamblee, Georgia for $2,145.70 |

knowing that the seafood was possessed, transported, and sold in violation of and in a manner unlawful under the laws and regulations of the State of Mississippi, specifically, Miss. Code § 49-15-28 (requiring all wholesale seafood dealers to have a wholesale seafood dealer's license).

In violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1).

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the

offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 16, United States Code, Section 3374; and Title 28, United States Code, Section 2461.

*[signature]*
for
D. MICHAEL HURST, JR.
United States Attorney